IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES BAKER, RAYMOND WOLFE, WILLIAM PATE, GARY GERDMAN, PATRICK GIDDINGS, AND PATRICIA DENSMORE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALFRED D. KINGSLEY, GARY D. DUBERSTEIN, DAVID D. JONES, JR., FRANK SICA, AND GREENMARINE HOLDINGS, LLC., <br><br> Defendants. | No. 03 C 1750 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs James Baker, Raymond Wolfe, William Pate, Patrick Giddings, and Patricia Densmore, individually and on behalf of all others similarly situated, filed a three-count fourth amended complaint against Alfred D. Kingsley, Gary D. Duberstein, David D. Jones, Jr., Frank Sica, and Greenmarine Holdings, LLC ("Greenmarine"). Counts I and II allege a breach of fiduciary duty under § 404 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104, by defendants' failure to fund benefits plans sufficiently.[1] Count III alleges a failure to provide adequate notification of benefit plan termination in violation of the

---

[1] Plaintiffs Baker, Wolfe, and Pate made an allegation essentially identical to Count I in their second amended complaint. This court granted defendants' motion to dismiss the ERISA claim, but the Seventh Circuit reversed the dismissal. Baker v. Kingsley, 387 F.3d 649 (7th Cir. 2004). After remand to this court, plaintiffs were granted leave to amend. Plaintiffs again alleged the same ERISA violation in their third amended complaint, and this court denied defendants' motion to dismiss based on the governing Seventh Circuit ruling.

Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166.

Defendants filed a motion to dismiss the fourth amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).[2] In the alternative, defendants ask the court to grant summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that plaintiffs' claims are time-barred. After reviewing the parties' written submissions, the court denies defendants' motion to dismiss. The court denies defendants' motion for summary judgment as to Counts I and II, but grants it as to Count III.

## **FACTS**[3]

Plaintiffs Baker and Wolfe were employees of Outboard Marine Corporation ("OMC"), in its Waukegan, Illinois, manufacturing and production plant. Both men were also members of the Independent Merchants and Machinists Association ("IMMA"), a labor union. Plaintiffs Giddens and Densmore were salaried non-union employees at OMC. Plaintiffs Pate and Gerdman were retirees of OMC. Plaintiffs Baker, Wolfe, Giddens, and Densmore worked for OMC at the Waukegan plant until the shutdown of the plant on December 21, 2000, on which date OMC terminated them. As of December 21, 2000, all named plaintiffs were active or retired participants in OMC's health and welfare plan ("OMC Consolidated Plan"), which was self-funded and self-insured. According to plaintiffs' fourth amended complaint, the OMC

---

[2]Defendants argue in their reply brief that plaintiffs identify no basis for holding Greenmarine liable as a shareholder for its failure to fund a benefit plan. Plaintiffs' complaint, however, alleges that Greenmarine, as owner of OMC, controlled or influenced the funding policy of the OMC Consolidated Health and Welfare Plan. As such, the complaint does state a a claim against Greenmarine as well as the individual members of the board of directors.

[3]For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

Health Plan operated under several different plan instruments.[4] Plan A governed active non-union employees, Plan B governed active union members,[5] and the plan plaintiffs refer to as the "1984 Retirement Plan" governed retirees.[6]

Plaintiffs allege that although OMC maintained several different health plan instruments, OMC operated all instruments under one ERISA welfare plan, the "OMC Consolidated Plan" (formerly designated by plaintiffs as the OMC Health Plan). The plan had a single trust and a single trustee, and it filed a single annual report with the U.S. Department of Labor. Further, according to plaintiffs, the plan had a single "Administrative Committee" and a single "Management Committee." These committees reported to defendants in their capacity as members of the board of directors. The OMC Consolidated Plan states that the Administrative Committee consists of "at least three persons [who] shall be appointed by and serve at the pleasure of the Board of Directors of the Company." The Management Committee was responsible for investing the assets of the OMC Consolidated Plan. Plaintiffs allege that defendants retained all powers regarding the health plan not delegated to members of either committee.

Although the separate health plan instruments were part of one central health plan,

---

[4]According to plaintiffs' first amended complaint, OMC maintained one health plan, the OMC Health Plan, which became effective January 1, 1993. The language from the OMC Health Plan cited by plaintiffs in their third amended complaint is identical to the language from Plans A and B cited by plaintiffs in their fourth amended complaint. Plans A and B appear to be portions of the OMC Health Plan referenced in the first amended complaint.

[5]Plan C governed steelworkers and Plan D governed members of the Laborers International Union of North America. At the time of the plant shutdown, there were no active participants in either plan.

[6]Defendants dispute that the 1984 Retirement Plan actually covered retirees. Indeed, the 1984 Retirement Plan, attached to plaintiffs' fourth amended complaint, never mentions "retirees" or contemplates their coverage.

plaintiffs maintain that the plan instruments contained differing language regarding OMC's obligations to fund the plan. Plaintiffs allege that Plans A and B provided that "[t]he Employer shall make contributions in such amounts and at such times as determined by the Company in accordance with plan objectives." The 1984 Retirement Plan states that OMC shall "determine the plan's short term and long term financial needs, with which the investment policy of the Trust shall be appropriately coordinated."

On December 30, 1999, defendants executed Plan E, which, according to plaintiffs, was a replacement for the 1984 Retirement Plan. Plaintiffs deny that Plan E became effective at any point. Plan E states in paragraph 4.1, "The Company shall establish and direct implementation of a funding policy and method for the Plan which shall be consistent with the objectives of the Plan and which may include a policy of not funding any or all Benefits."

On December 22, 2000, OMC filed for Chapter 11 bankruptcy. As of this date, defendants ceased providing health benefits to plaintiffs. On February 9, 2001, the bankruptcy court approved the sale of substantially all of OMC's assets for approximately $90 million.

## DISCUSSION

**MOTION TO DISMISS**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable

inferences in favor of the plaintiff. Szumny v. Am. Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001).

**Counts I and II**

Counts I and II of plaintiffs' fourth amended complaint allege that defendants breached their fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, by failing to place funds in the OMC Consolidated Plan sufficient to meet the long-term needs of OMC retirees or to offer COBRA health coverage to employees terminated by OMC when the Waukegan plant closed. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that they cannot be fiduciaries in this context.

A claim for breach of fiduciary duty under ERISA has three elements: "(1) that the defendants are plan fiduciaries; (2) that the defendants breached their fiduciary duties; and (3) that the breach caused harm to the plaintiff." Brosted v. Unum Life Ins. Co. of. Am., 421 F.3d 459, 465 (7th Cir. 2005). The Seventh Circuit has already ruled in this matter that plaintiffs' second amended complaint raised cognizable breach of fiduciary duty claims under ERISA. Baker v. Kingsley, 387 F.3d, 649, 663 (7th Cir. 2004). The Seventh Circuit first addressed plaintiffs' failure to fund allegations, holding "that there is a cognizable duty under the specific language of [the OMC Consolidated] plan, such that plaintiffs' claim should not be dismissed at this early stage." Second, in a statement now ignored by defendants in their current motion to dismiss plaintiffs' claims, Judge Flaum held that "[t]he district court erred in holding that defendants cannot be ERISA fiduciaries with regard to funding the plan." The Seventh Circuit, therefore, expressly upheld plaintiffs' failure to fund claim found in the second amended complaint.

Plaintiffs have now permissibly realleged and amended their failure to fund claim in their fourth amended complaint. Although plaintiffs now make two "failure to fund" claims instead of one, both claims are sufficiently similar to those made in prior complaints that the court considers these counts to be reallegations of the same actions. Because plaintiffs allege that defendants are fiduciaries in this matter, that they breached a duty as fiduciaries, and that their breach caused harm to plaintiffs, the court denies defendants' motion to dismiss based on plaintiffs' failure to state a claim.

Defendants also maintain that plaintiffs fail to state a claim because the relief plaintiffs request is not available under ERISA. Plaintiffs, in their fourth amended complaint, ask the court to order defendants to place into a successor trust the money defendants should have paid to the OMC Consolidated Plan, including a sum that would have provided plaintiffs with COBRA coverage. In the alternative, plaintiffs ask the court to order direct reimbursement to plaintiffs of uninsured medical expenses as "remedial relief." Defendants assert that ERISA does not provide for individual monetary relief, and they claim that payment for medical bills cannot be characterized as "equitable relief."

Plaintiffs have asked for relief under ERISA § 502(a)(2), which they acknowledge precludes beneficiaries from seeking monetary relief on their own behalf. 29 U.S.C. § 1132(a)(2). Under this statutory provision, plaintiffs may seek only the relief specified in § 409(a), which requires fiduciaries who breach their duties to plan participants to "make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). Plan participants may also ask for "such other equitable or remedial relief as the court may deem appropriate." Id.

Because the plan in which plaintiffs participated no longer exists, the relief they seek

must necessarily be "equitable or remedial." Plaintiffs ask the court to create a successor trust or to require defendants to reimburse them for unpaid medical expenses. Because these requested remedies are traditional equitable or remedial relief, the court denies defendants' motion to dismiss.

**Count III**

Count III of plaintiffs' fourth amended complaint alleges that defendants violated COBRA § 606(a)(4), 29 U.S.C. § 1166(a)(4), by failing to provide a timely notification of COBRA benefit availability upon termination of plaintiffs' employment. Defendants assert that they had no obligation to provide such notification because that responsibility fell on the Administrative Committee, not defendants themselves. Plaintiffs acknowledge in their fourth amended complaint that the plan designated an Administrative Committee responsible for providing such COBRA Notification. Plaintiffs allege, however, that the Administrative Committee was a "mere instrumentality" of defendants, who therefore bore the true burden of providing notification under COBRA.

The statute specifies that the plan "administrator" bears the burden of providing notification to plan participants. 29 U.S.C. § 1166(a)(4). The administrator is defined as "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor." 29 U.S.C. 1002(16)(B). Defendants argue that because the Consolidated Health Plan designates the Administrative Committee as the plan administrator, defendants themselves cannot be held liable for actions of the plan administrator.

7

To support their argument, defendants point to this court's decision in Fenner v. Favorite Brands Int'l, 1998 U.S. Dist. LEXIS 7224 (N.D. Ill. 1998). Defendants maintain that this court held in that opinion that employers cannot constitute plan administrators under COBRA. Defendants, however, both cite to the wrong decision in Fenner and misstate the court's holding. In the opinion cited by plaintiffs, the court stated that it could not determine whether the plaintiff stated a claim against the administrator or the employee, and it gave the plaintiff leave to file a second amended complaint. The court did not reach a decision on the issue until its second opinion in the case. Fenner v. Favorite Brand Int'l, Inc., 25 F. Supp. 2d 870 (N.D. Ill. 1998). In ruling on the defendant's motion to dismiss the plaintiff's second amended complaint, the court explicitly held that the employer was the plan administrator for purposes of ERISA and COBRA. Id. at 875-76.

Despite defendants' protestations, plaintiffs clearly allege that defendants were plan administrators for purposes of COBRA notification. For this reason, the court denies defendants' motion to dismiss Count III.

**MOTION FOR SUMMARY JUDGMENT**

Defendants have moved for summary judgment on the ground that plaintiffs' claims are time-barred. A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and

set forth specific facts showing there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e); Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990).  The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion.  See Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

**Counts I and II**

Defendants first argue that plaintiffs' ERISA claims are barred by the applicable statute of limitations.  ERISA's statute of limitations for fiduciary breach claims, 29 U.S.C. § 1113, provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of –
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

Defendants maintain that plaintiffs' ERISA claims are time-barred because the last action that constituted a part of the alleged breach was OMC's decision in 1984 to fund the Consolidated Health Plan on a "pay-as-you-go" basis. It is defendants' choice to fund the plan on such a basis, however, that necessitates the court's denial of defendants' motion for summary judgment.  Although defendants <u>decided</u> to fund the plan on such a basis more than six years

9

before the complaint was filed, it follows that defendants <u>actually</u> funded the plan on an ongoing basis. Defendants, therefore, funded the health plan trust as late as 2000, making the statute of limitations inapplicable.

Defendants rely on cases in which courts found the plaintiffs' claims time-barred because the defendants made singular decisions not to fund benefit plans more than six years before the plaintiffs filed complaints. See, e.g., Christensen v. Northrop Grumman Corp., No. 97-1096, 1997 WL 636811 (4th Cir. Oct. 15, 1997); Bergmann v. BMC Industries, Inc., No. 05-963, 2006 WL 487864 (D. Minn. Jan. 20, 2006). These cases, however, are inapposite, because they rely on defendants' one-time actions, rather than a need for ongoing funding decisions. Northrop Grumman's "affirmative decisions...not to purchase annuities" are not comparable to OMC's decision to make payments to the health plan trust on an as-needed basis.

Indeed, the Consolidated Health Plan states that "the Management Committee from time to time shall determine the Plan's short term and long term financial needs." Such language indicates that OMC had an ongoing duty to evaluate the needs of the Consolidated Health Plan and to fund it accordingly. Defendants' decision to fund the plan on a "pay-as-you-go" basis therefore required defendants to fund the plan repeatedly through 2001. Defendants engaged in funding actions that occurred within six years of filing the complaint. For that reason, the court denies defendants' motion for summary judgment on Counts I and II..

**Count III**

Defendants argue that plaintiffs' COBRA claim is time-barred. COBRA does not contain an express statute of limitations provision for claims of failure to provide required notification to

10

beneficiaries. When Congress does not provide a statute of limitations for claims arising under federal law, a court must determine the most analogous cause of action and apply that statute of limitations. See, e.g., Teumer v. General Motors Corp., 34 F.3d 542, 546 (7th Cir. 1994).

This court has previously held that for a "failure to notify" claim under COBRA, the most analogous statute of limitations is the two-year statute applicable to actions against insurance producers, limited insurance representatives, and registered firms. See 735 ILCS 5/13-214.4; see also Carter v. Gen. Elec. Co., No. 98 C 50239, 2000 WL 321553, *1 (N.D. Ill. March 21, 2000).

Plaintiffs ask the court to apply a different statute governing "all civil actions not otherwise provided for" by the provision on which this court has previously relied. This statutory provision has a five-year statute of limitations. 735 ILCS 5/13-205. Plaintiffs, however, provide no support for their assertion that their claim is not governed by the provision relied upon by this court in the Carter decision. Plaintiffs also ask the court to apply Illinois's fraudulent concealment provision of 735 ILCS 5/13-2154, which suspends any statute of limitations. Plaintiffs' fourth amended complaint, however, makes no reference to any fraudulent concealment on the part of defendants. The court therefore declines to adopt the statutes of limitations provisions suggested by plaintiffs.

The most analogous statutory provision gives plaintiffs two years in which to file their claims. Because plaintiffs' COBRA claim was filed outside of the two-year period, it is barred as untimely, and the court grants defendants' motion for summary judgment as to Count III.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss the fourth amended

complaint is denied. The court denies defendant's motion for summary judgment as to Counts I and II, but it grants defendant's motion for summary judgment as to Count III.

Defendant is directed to answer Counts I and II of the fourth amended complaint on or before October 31, 2006. This matter is set for a report on status November 2, 2006, at 9:00 a.m.

**ENTER: October 10, 2006**

_____
**Robert W. Gettleman
United States District Judge**